
FILED
IN CLERK'S OFFICE
U.S. D̶I̶S̶T̶R̶I̶C̶T̶ ̶C̶O̶U̶R̶T̶ E.D.N.Y.
★ JUL 20 2005 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
DALE HENDRICKSON,

                Petitioner,                  04 CV 3276 (SJ)

  - against -                                MEMORANDUM
                                                  AND ORDER

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------X
APPEARANCES:

Dale Hendrickson
29985-053
U.S. Penitentiary
P.O. Box 1000
Lewisberg, PA 17837
Petitioner *Pro Se*

OFFICE OF THE U.S. ATTORNEY
147 Pierrepont Street
Brooklyn, NY 11201
By:    Greg Andres
Attorney for Respondent

JOHNSON, Senior District Judge:

      Petitioner Dale Hendrickson ("Petitioner") brought a motion to vacate, set aside, or correct his sentence, asserting that his conviction and/or sentence were obtained through prosecutorial misconduct and in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004). Petitioner has characterized his motion as a 28 U.S.C. § 2241 motion and a writ of coram nobis, while the Court found that the motion was most

1

P-049

accurately construed as a motion under 28 U.S.C. § 2255, but the Court found that regardless of how the motion was characterized, it must be denied on the merits. Petitioner has subsequently filed a motion for a written denial of a certificate of appealability (although the Court's March 31, 2005 Order denying his petition included a denial of a certificate of appealability) and for a written reason for the denial of his motion.

The Court therefore notes that the motion for relief and the certificate of appealability were denied for the reasons stated in the Court's previous Order: namely, that Petitioner has not alleged any specific instances of prosecutorial misconduct occurring in his trial,[1] and that Petitioner cannot receive relief under Blakely, 124 S.Ct. 2531, because Petitioner's conviction became final many years before Blakely was decided and Blakely has not been made retroactively applicable to convictions that had already become final at the time the Blakely opinion was issued. See, e.g., Green v. U.S., No. 04-6564, 2005 WL 237204 (2d Cir. 2005); Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004); Warren v. United States, No. 3:01 CV 179, 2005 WL 165385, *10 (D.Conn. Jan. 25, 2005); Garcia v. United States, No. 04-CV-0465, 2004 WL 1752588, *5 (N.D.N.Y. Aug. 4, 2004). Petitioner has therefore failed to meet his burden of showing that there is a basis for post-conviction relief.

---

[1] Petitioner merely stated that the prosecutor was subsequently disbarred, without providing any evidence that the disbarment was related to events occurring in Petitioner's trial (or even claiming that the disbarment was related to Petitioner's trial) and without pointing to any evidence of prosecutorial misconduct in the record of Petitioner's trial.

2

SO ORDERED.

Dated: July 15, 2005
       Brooklyn, New York

s/SJ
_____
Senior U.S.D.J.

3

P-049